122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven BOUBON, Defendant-Appellant.
 No. 97-15008.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the District of Nevada, Nos. CV-96-00208-LDG, CR-87-00333-LDG; Lloyd D. George, Chief Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven Boubon, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to correct his sentence following a guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). We review de novo a district court's denial of a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Boubon contends that the district court sentenced him relying on an erroneous statement in the presentence investigation report that his offense involved more than two kilograms of cocaine. He contends his offense involved slightly less than two kilograms. This contention lacks merit.
 
 
 4
 Because Boubon did not object at sentencing to the amount of cocaine attributed to his offense by the presentence report, raising the issue for the first time in his section 2255 motion, the district court properly denied that claim. See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990); see also United States v. Belden, 957 F.2d 671, 674-75 (9th Cir.1992).
 
 
 5
 Boubon also contends that his attorney at sentencing was ineffective for failing to address the alleged error in the presentence report. This contention is without merit.
 
 
 6
 A successful ineffective assistance of counsel claim requires a defendant to show deficient performance by his counsel and prejudice from that deficiency. See Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Here, the record clearly indicates that the conspiracy to which Boubon pleaded guilty involved the distribution of more than two kilograms of cocaine. Moreover, Boubon admitted on several occasions that he conspired to distribute more than two kilograms of cocaine. Accordingly, Boubon has not demonstrated any basis upon which a reasonable attorney would have objected to his presentence report, see Baumann v. United States, 692 F.2d 565, 571-72 (9th Cir.1982) (stating that attorney's failure to raise meritless legal argument does not constitute ineffective assistance of counsel), nor has he shown prejudice from the alleged oversight of his counsel, see Strickland, 466 U.S. at 694.
 
 
 7
 Finally, Boubon contends that he was denied effective assistance of counsel because his attorney failed to inform him of the legal significance of the amount of cocaine he admitted distributing, because he was represented by four different attorneys, and because one of his attorneys failed to inform him of his right to have the information read aloud in court. However, Boubon did not raise these allegations in his section 2255 motion to the district court, and we will not consider them for the first time here. See Keller, 902 F.2d at 1395.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3